MARY HARPER v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Dying declaration.*

A written statemnet purporting to be the dying declaration of a deceased person, not signed by the declarant under the solemn sense of impending dissolution, is not admissible in evidence.

2. SAME.

A written statement prepared while an injured person is in possession of his faculties, and while he believes he will recover, although intended to be signed in the event of a subsequent conviction of impending dissolution, and afterwards so signed, is not admissible in evidence as a dying declaration.

FROM the circuit court of Chickasaw county.

HON. EUGENE O. SYKES, Judge.

Appellant and her husband, Leroy Harper, were jointly indicted on the charge of murdering one A. B. Richardson. A severance was had, and appellant was tried and convicted of manslaughter. Appellant and her husband were employed to work on the farm of deceased, and were absent from their work on the day before the difficulty occurred which resulted in the death of deceased. On the day the difficulty occurred deceased went to the house of appellant and her husband to find out why they had been absent from their work, and while there a difficulty arose between the parties, in which Leroy cut deceased with a knife, and appellant struck him a severe blow with a club, from which injuries he died. Appellant was convicted and sentenced to the penitentiary. From this judgment she appealed to the supreme court. The opinion of the court contains a further statement of the facts.

*Thomas J. Buchanan,* for appellant.

*Monroe, McClurg,* attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

We are compelled to differ in opinion from the learned circuit judge as to the admissibility of the alleged dying declarations in this case. As long as Mr. Richardson could articulate he expressed his belief that he would recover. This continued for several days (six or seven) after he received the wound which ultimately caused his death. It continued up to the time he became speechless from paralysis, after which he lived speechless, and for only three or four days. Before this stroke of paralysis he always said he would recover. But before the stroke, an attorney, fearing that a fatal result might ensue, prepared a declaration to be signed by the patient whenever he came to think he would die. This was written on white paper, and it is not the paper submitted to the jury, the one submitted being written on yellow paper. It is not shown satisfactorily that the inscription on the yellow paper was an exact copy of that written on the white. But we will suppose that it was, and still we find no sufficient evidence by the acts of Mr. Richardson that he signed under the solemn sense of impending dissolution after his paralysis, or of any words or acts before indicating such sense. With all this in view, together with the man's condition when he did sign, we are unwilling to adjudge this document a valid dying declaration. Moreover, we think a declaration prepared by a person in full possession of his mental faculties, and in confident hope of recovery, to be signed in the possible event of a subsequent conviction of a fatal termination, is too much tainted to be admissible in evidence. Such a paper at the time of its preparation goes for nothing, of course; and, when the time comes for execution of it, the tendency of human nature *in extremis* to be consistent and follow a formula, without effort, vitiates it. Such an instrument cannot be said to be the free and voluntary act of the person, originated and executed under a solemn sense of impending death.

*Reversed and remanded.*